UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CANYON CUSTOM HOME BUILDERS, INC., et al.,

    Plaintiffs,

v.                                      Case No. 20-CV-1327

SOMERSET CONDOMINIUM ASSOCIATION, INC.,

    Defendant.

## DECISION AND ORDER

Before the court is defendant Somerset Condominium Association, Inc.'s second motion to dismiss. (ECF No. 26.) The court previously granted in part the Association's motion to dismiss the complaint filed by plaintiffs Canyon Custom Home Builders, Inc. and Sheri W. Greenberg (ECF No. 19), which led to them filing an amended complaint (ECF No. 25). The Association seeks to dismiss from the amended complaint only the plaintiffs' claim for a declaration that "[t]he Board's interpretation and application of the 2012 Design Review Guidelines as it relates to Canyon's construction proposals is arbitrary, capricious and unreasonable." (ECF No. 27 at 4 (quoting ECF No. 25, ¶ 96).)

As recounted in the court's prior decision (ECF No. 19), the plaintiffs seek to construct multi-family residences on vacant lots that are part of the Association. Although

the plaintiffs had been attempting to obtain the Association's approval of its plans, they now ask the court to declare that the Association's approval is not required. If the court declares that the Association's approval *is* required, the plaintiffs seek a declaration that the Association has wrongfully withheld its approval of their plans. It is this latter claim that is the subject of the Association's motion to dismiss.

The court previously dismissed the plaintiffs' claims for breach of contract and tortious interference with contract, as well as a claim under Wis. Stat. § 841.01. The Association argues that the plaintiffs have simply repackaged their breach of contract claim as an action for declaratory judgment. Specifically, it asks the court to strike the following paragraph from the plaintiffs' demand for relief: "In the event the Court determines the Association had authority to exercise architectural or construction review or approval, for a declaratory judgment that the Association's denials of Canyon's construction plans were arbitrary, capricious and unreasonable." (ECF No. 27 at 9 (quoting ECF No. 25 at 14, ¶ F).)

The plaintiffs respond that their demand for relief is consistent with the court's prior decision in which the court held that they may seek a declaration as to the meaning of the Association's Guidelines and the Association's application of those Guidelines to the plaintiffs' construction plans. (ECF No. 28 at 4.) At oral argument plaintiffs' counsel made clear that this new demand for relief was added as a basis for them to seek damages from the Association. In other words, the plaintiffs do not simply want the court to clear

2

the way for their development; they want damages for the Association's "wrongful denial" of their plans. (ECF No. 25, ¶ 98.)

As a general matter, although it is not the primary function of the Declaratory Judgment Act, damages are within the scope of "[f]urther necessary or proper relief," 28 U.S.C. § 2202, that is available under the Act. *Sec. Ins. Co. v. White*, 236 F.2d 215, 220 (10th Cir. 1956); *see also 7421 W. 100th Place Corp. v. Vill. of Bridgeview*, No. 13 C 4336, 2016 U.S. Dist. LEXIS 130932, at *14-15 (N.D. Ill. Sep. 26, 2016) (citing *Beacon Constr. Co. v. Matco Electric Co.*, 521 F.2d 392, 400 (2d Cir. 1975); *Hudson v. Hardy*, 424 F.2d 854, 855, 137 U.S. App. D.C. 366 (D.C. Cir. 1970); *Texasteel Mfg. Co. v. Seaboard Sur. Co.*, 158 F.2d 90, 91 (5th Cir. 1946); *St. Paul Fire & Marine Ins. Co. v. Scopia Windmill Fund, LP*, 87 F. Supp. 3d 603, 608 (S.D.N.Y. 2015); *Jordan Mozer & Associates, Ltd. v. Gen. Cas. Co. of Wisconsin*, No. 14-CV-10264, 2015 U.S. Dist. LEXIS 54880, 2015 WL 1911119, at *3 (N.D. Ill. Apr. 24, 2015); *Hammes Co. Healthcare, LLC v. Tri-City Healthcare Dist.*, No. 3:09-CV-2324-GPC-KSC, 2012 U.S. Dist. LEXIS 181348, 2012 WL 6678140, at *4 (S.D. Cal. Dec. 21, 2012); *Consol. Rail Corp. v. Grand Trunk W. R.R. Co.*, No. 09-10179, 2009 U.S. Dist. LEXIS 98152, 2009 WL 3460334, at *18 (E.D. Mich. Oct. 22, 2009); *Brice Bldg. Co. v. Clarendon Am. Ins. Co.*, No. 3:07CV196/EMT, 2009 U.S. Dist. LEXIS 62813, 2009 WL 961176, at *3 (N.D. Fla. Apr. 8, 2009), *aff'd in part, vacated in part, remanded sub nom*. 378 F. App'x 915 (11th Cir. 2010)).

The plaintiffs' request for a declaration "that the Association's denials of Canyon's construction plans were arbitrary, capricious and unreasonable" presupposes that the

Association had a duty to not deny Canyon's construction plans for an arbitrary, capricious, or unreasonable reason. When asked during oral argument to identify the basis for the Association's duty to the plaintiffs, plaintiffs' counsel stated that it arises from the Declaration that was recorded on the property in conjunction with the creation of the Association by the Association's Developer.

Thus, the plaintiffs' amended complaint rests on two documents—the 1977 Declaration which established the Association and the 2012 Guidelines which set the rules for development of the condominium properties. The court has already determined that the Guidelines do not represent a contract between the plaintiffs and the Association. However, the court has not addressed whether the Declaration imposes any obligations on the Association that the plaintiffs may sue to enforce.

As set forth in the amended complaint, the Declaration states in relevant part:

> Any structure constructed on Individual Grounds shall, prior to commencement of construction, be approved by DEVELOPER as to its construction, style and architectural compatability [sic] with the other Units in the Condominium and with the structures erected on like limited common areas. The DEVELOPER shall have the right to relocate the Designated Unit Area when DEVELOPER determines that the relocation of the Designed Unit Area will alleviate an economic hardship or will aesthetically benefit the Condominium. Developer may assign this right of approval or relocation to the Board of Association after its formation. DEVELOPER or the Board shall not unreasonable [sic] withhold approval provided the proposed construction complies with the standards set forth above.

(ECF No. 25, at 4, ¶ 21.)

Presuming for present purposes that the "DEVELOPER" assigned its rights and obligations to the Association, the quoted portion of the Declaration is silent as to whom the Association owes a duty to not unreasonably withhold its approval. In the plaintiffs' view, by recording the Declaration with the county register of deeds, the Association extended this duty to prospective developers of a condominium property.

However, such a theory is contradicted by other allegations in the amended complaint. Specifically, the plaintiffs allege:

> All restrictions, conditions, covenants, reservations, rights, benefits and privileges granted, created, reserved or declared in the Declaration are covenants running with the real property subject to the Condominium, binding on all unit owners "and shall inure to the benefit of such owner in like manner as though the provisions to the Declaration were recited and stipulated at length in each and every deed of conveyance."

(ECF No. 25 at 3, ¶ 12 (quoting Declaration, art. XVI, § 14.04).)

As this provision makes clear, the Declaration creates a duty only to unit owners. Because the plaintiffs are not unit owners, they cannot sue to enforce the "restrictions, conditions, covenants, reservations, rights, benefits and privileges granted, created, reserved or declared in the Declaration." Consequently, in seeking a declaration "that the Association's denials of Canyon's construction plans were arbitrary, capricious and unreasonable," the plaintiffs have failed to state a claim upon which relief may be granted. Therefore, the Association's motion to dismiss this claim will be granted.

5

**IT IS THEREFORE ORDERED** that Somerset Condominium Association's motion to dismiss (ECF No. 26) is granted, and the claim set forth in paragraph F of page 14 of the amended complaint is dismissed.

Dated at Milwaukee, Wisconsin this 29th day of September, 2021.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge