UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CANYON CUSTOM HOME BUILDERS, INC., et al.,

        Plaintiffs,

   v.                                            Case No. 20-CV-1327

SOMERSET CONDOMINIUM ASSOCIATION, INC.,

        Defendant.

---

## DECISION AND ORDER

Canyon Custom Home Builders, Inc. and Sheri W. Greenberg[1] seek to purchase and develop eight vacant lots that are part of the Somerset Condominium Association. Somerset claimed that its approval was required for any development within the condominium. *Canyon Custom Home Builders, Inc. v. Somerset Condo. Ass'n, Inc.*, No. 20-CV-1327, 2021 U.S. Dist. LEXIS 250821, at *2 (E.D. Wis. Feb. 26, 2021). And Canyon chose to make obtaining Somerset's approval of its plans a condition of its purchase of the properties. Canyon repeatedly sought Somerset's approval, but Somerset ultimately rejected all of Canyon's plans. *Id.* at *2.

---

[1] For the sake of clarity, the court refers to the plaintiffs in the singular as Canyon.

Canyon subsequently concluded that it did not actually need Somerset's approval. But rather than proceeding with its development, Canyon first sought from the court a declaration that Somerset's rules did not apply to the multifamily development Canyon planned. *Canyon Custom Home Builders,* 2021 U.S. Dist. LEXIS 250821, at *2. The court dismissed Canyon's other claims. *Id.* at *15-*21.

On January 31, 2022, the court agreed with Canyon and granted summary judgment in its favor, finding that it is entitled to a declaration "that the 2012 Design Guidelines are inapplicable to multiple-family structures." *Canyon Custom Home Builders, Inc. v. Somerset Condo. Ass'n*, No. 20-CV-1327, 2022 U.S. Dist. LEXIS 17617, at *4-*20 (E.D. Wis. Jan. 31, 2022). Somerset contends that the court's summary judgment decision ends this action and that the court may enter judgment. Canyon insists that a trial is required to determine its damages. Specifically, it argues that, as a result of Somerset's failure to approve Canyon's plans (and its insistence that its approval was required), Canyon was forced to delay its development, resulting in damages in the form of higher labor and material costs and lost income. It also argues it is entitled to attorney fees. The parties submitted briefs addressing this dispute. (ECF Nos. 56, 57, 61, 63.)

As the court previously noted, "As a general matter, although it is not the primary function of the Declaratory Judgment Act, damages are within the scope of '[f]urther necessary or proper relief,' 28 U.S.C. § 2202, that is available under the Act." *Canyon Custom Home Builders, Inc. v. Somerset Condo. Ass'n*, No. 20-CV-1327, 2021 U.S. Dist. LEXIS

2

186473, at *3 (E.D. Wis. Sep. 29, 2021) (citing cases). "District courts have broad power under 28 U.S.C. § 2202 to craft damages awards in declaratory judgment actions to effectuate their judgment." *Allstate Indem. Co. v. Dixon*, 932 F.3d 696, 703 (8th Cir. 2019) (quoting *BancInsure, Inc. v. BNC Nat. Bank, N.A.*, 263 F.3d 766, 772 (8th Cir. 2001)). But the availability of damages in certain declaratory judgment cases does not mean that damages are "necessary or proper" in every case.

For example, damages may be appropriate if the declaratory judgment is intertwined with a cause of action for which damages are appropriate. In *Allstate Indemnity Company v. Dixon*, 932 F.3d 696 (8th Cir. 2019), after determining that an insurance policy did not provide coverage for the insured's claim, the court ordered the insured to reimburse the insurer the sum it paid to a mortgage holder because state law allowed a claim for recoupment or restitution in such circumstances. *Id.* at 703. Similarly, in a copyright action, after concluding that the plaintiff controlled the licensing of a song, the court awarded it royalties for past use of the song. *Fred Ahlert Music Corp. v. Warner/Chappell Music, Inc.*, 155 F.3d 17, 25 (2d Cir. 1998).

In an action to declare rights under a contract, further relief may include those damages authorized under that contract. *See, e.g.*, *Horn & Hardart Co. v. Nat'l Rail Passenger Corp.*, 269 U.S. App. D.C. 53, 843 F.2d 546, 548 (1988) (affirming the district court's order under 28 U.S.C. § 2202 awarding damages under "end-of-term holdover and cost-on-default clauses" under a lease). Or in an action to declare rights under an

3

insurance policy, damages may be necessary to compensate an insured for costs the insurer wrongly failed to pay. *See, e.g.*, *Cont'l Cas. Co. v. Indian Head Indus.*, 941 F.3d 828, 833-34 (6th Cir. 2019); *Travelers Prop. Cas. Co. v. R.L. Polk & Co.*, No. 06-12895, 2008 U.S. Dist. LEXIS 62151, at *11 (E.D. Mich. Aug. 13, 2008).

At a minimum, for a defendant to be potentially liable for damages it must have done something it was not authorized to do that resulted in an injury to the plaintiff. Canyon's alleged damages were not the result of any action taken by Somerset. Rather, the alleged damages flowed from Canyon's decision to seek a declaratory judgment from this court before proceeding with its development of the lots in question. The only actions of Somerset that Canyon points to are its failure to approve Canyon's plans and its threat to sue Canyon if it began development without first obtaining Somerset's approval. But it was Canyon that chose to make its purchase of the properties contingent on Somerset approving its plans.

Canyon argues that Somerset knew its rules did not apply to multifamily construction but persisted in bad faith in asserting that they did because it did not want any multifamily development. (ECF No. 61 at 2.) Accepting for present purposes that evidence exists that certain members of the Somerset board recognized that its rules might not apply to multifamily properties, such doubts, concerns, or recognition of a weakness in a position by some members of the board do not translate into bad faith by

4

the association. Somerset was entitled to persist with its position and leave it to the court to resolve the question.

Canyon relies, in part, on *7421 W. 100th Place Corp. v. Village of Bridgeview*, No. 13 C 4336, 2016 U.S. Dist. LEXIS 130932 (N.D. Ill. Sep. 26, 2016), where the plaintiff sought a declaratory judgment that a municipal ordinance was unconstitutional. But the court in that case did not hold that damages were appropriate; rather, it held merely that the possibility of damages under § 2202 meant that the plaintiff's claim was not moot, and it could continue to seek declaratory relief. *Id.* at *14-*15. And, in any event, the availability of damages in the context of a declaration that an ordinance is unconstitutional derives from the unconstitutional conduct and not, strictly speaking, from § 2202.

Because Somerset's rules did not bar Canyon's development, Canyon could have begun development of the properties without first seeking Somerset's approval or a declaration from this court that it could do so. Its own caution caused it to delay. Canyon apparently concluded that the cost of delay was preferable to the risk of proceeding with its development only to possibly lose should Somerset bring a lawsuit and prevail on its argument. Somerset is not obligated to compensate Canyon for its caution. Consequently, damages are not necessary to effectuate the court's declaratory judgment, and no issue of damages remains to be resolved at trial.

Nor is there any basis to award Canyon its attorney fees. Section 2202 of Title 28 "does not authorize an independent grant of attorneys' fees that is not otherwise

5

authorized by statute, contract, or state law." *Schell v. OXY USA, Inc.*, 814 F.3d 1107, 1127 (10th Cir. 2016) ("We have never recognized § 2202 as an independent basis to award attorneys fees—*viz.*, as an additional ground for such fees beyond the four well-recognized exceptions to the American Rule. Moreover, when our sister circuits have considered the question, they have concluded that § 2202 does not give an independent power to award attorneys' fees.") (citing cases). Awarding fees in the present case would be inconsistent with the well-established American Rule that "absent statute or enforceable contract, litigants pay their own attorneys' fees." *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975); *Mercantile Nat'l Bank v. Bradford Tr. Co.*, 850 F.2d 215, 216 (5th Cir. 1988). *Cf. Horn & Hardart Co. v. Nat'l Rail Passenger Corp.*, 269 U.S. App. D.C. 53, 843 F.2d 546, 548 (1988). Nor is the award of attorney fees permitted under the controlling substantive law. *See Mercantile Nat'l Bank*, 850 F.2d at 216; *Metro. Prop. & Cas. Ins. Co. v. McCarthy*, No. 2:12-cv-151-NT, 2015 U.S. Dist. LEXIS 122630, at *11 (D. Me. Sep. 15, 2015).

Finally, Canyon "request[s] time to file a motion for leave to amend [its] Complaint to include claims for misrepresentation, promissory estoppel, and breach of contract …." (ECF No. 57 at 23.) Canyon has not actually moved to amend its complaint, and thus the court cannot consider the viability of any alleged amendment. Rather, Canyon asks merely that the court not enter judgment and allow it to file a motion to amend its complaint, at which time the court would presumably assess its sufficiency.

6

For present purposes, the court will set aside potential problems with the procedure Canyon followed in merely asking to be allowed to move to file an amended complaint rather than actually moving to file an amended complaint. *See Conner v. Ill. Dep't of Nat. Res.*, 413 F.3d 675, 679 (7th Cir. 2005) (citing *Shanahan v. City of Chi.*, 82 F.3d 776, 781 (7th Cir. 1996)). As a general matter, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, when the deadline for filing amended pleadings has passed, the court applies a two-step analysis. *Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014). First, the movant must demonstrate good cause under Fed. R. Civ. P. 16(b)(4). *Id*. Only if the movant demonstrates good cause will the court proceed to the second step and determine whether "justice so requires" the amendment. *Id*.

The deadline for amending pleadings was April 19, 2021. (ECF No. 23.) On that date Canyon filed an amended complaint. (ECF No. 25.) Canyon offers no explanation as to why it did not include its proposed claims in its initial complaint or its amended complaint or move before now to amend its complaint to add these claims. Having failed to demonstrate good cause, the court need not consider whether justice requires granting Canyon leave to amend.

Even if the court were to consider whether justice requires granting Canyon leave to amend its complaint, the court would deny the request. Not only has the court resolved Canyon's motion for summary judgment, but the case is over and Canyon has won. It is

7

too late. *See Chi. Reg'l Council of Carpenters v. Vill. of Schaumburg*, 644 F.3d 353, 356-57 (7th Cir. 2011); *see also Ikon Transp. Servs., Inc. v. Tex. Made Truckin, LLC*, No. 19-cv-296-jdp, 2020 U.S. Dist. LEXIS 112813, at *9 (W.D. Wis. June 26, 2020) (citing *Clancy v. Geithner*, 559 F.3d 595, 606 (7th Cir. 2009); *Conner*, 413 F.3d at 679). Canyon having unduly delayed, *see Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010), justice does not require protracting this case any further.

**IT IS THEREFORE ORDERED** that the Clerk shall enter judgment in accordance with the court's January 31, 2022, Decision and Order (ECF No. 53).

Dated at Milwaukee, Wisconsin this 21st day of April, 2022.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge