UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CANYON CUSTOM HOME BUILDERS, INC., et al.,

    Plaintiffs,

v.                                          Case No. 20-CV-1327

SOMERSET CONDOMINIUM ASSOCIATION, INC.,

    Defendant.

## DECISION AND ORDER

**1. Procedural History**

This action relates to the efforts of Canyon Custom Home Builders, Inc. and Sheri W. Greenberg[1] to develop lots within the Somerset Condominium Association. Somerset asserted that every developer was required to obtain its approval for any development within the condominium. Consequently, Canyon made obtaining Somerset's approval a condition of its offer to purchase the lots. After Somerset repeatedly rejected Canyon's proposals, Canyon sued and sought declaratory judgment that it did not actually need Somerset's approval.

---

[1] For the sake of clarity, the court refers to the plaintiffs in the singular as Canyon.

The court dismissed Canyon's other claims, *Canyon Custom Home Builders, Inc. v. Somerset Condo. Ass'n, Inc.*, No. 20-CV-1327, 2021 U.S. Dist. LEXIS 250821, at *9-*11, *16-*20 (E.D. Wis. Feb. 26, 2021); *Canyon Custom Home Builders, Inc. v. Somerset Condo. Ass'n*, No. 20-CV-1327, 2021 U.S. Dist. LEXIS 186473, at *1 (E.D. Wis. Sep. 29, 2021), leaving only the claim for declaratory judgment.

The court ultimately agreed with Canyon, holding that it "is entitled to a declaration that the 2012 Design Guidelines are inapplicable to multiple-family structures." *Canyon Custom Home Builders, Inc. v. Somerset Condo. Ass'n*, No. 20-CV-1327, 2022 U.S. Dist. LEXIS 17617, at *20 (E.D. Wis. Jan. 31, 2022) (quotation marks omitted). Based on prior proceedings, the court recognized that Canyon likely believed it was entitled to damages if it prevailed on its claim for declaratory judgment. Therefore, the court held off entering judgment and discussed the issue of damages with the parties at a telephonic conference on March 1, 2022. (ECF No. 55.) The court then permitted the parties to submit briefs on the question of whether the court's summary judgment decision ended the case or whether Canyon could recover any damages it could prove it suffered by virtue of Somerset's contention that its approval was required for any development of the lots. (ECF No. 55.)

On April 21, 2022, the court held that a damages award was not necessary or proper to effectuate the declaratory judgment entered in Canyon's favor. Therefore, the case was over. *Canyon Custom Home Builders, Inc. v. Somerset Condo. Ass'n*, No. 20-CV-

2

1327, 2022 U.S. Dist. LEXIS 73219 (E.D. Wis. Apr. 21, 2022). Judgment was then entered. Canyon now asks the court to reconsider that decision.

## 2. Legal Standard

"[T]his Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Cehovic-Dixneuf v. Wong*, 895 F.3d 927, 932 (7th Cir. 2018) (quoting *Quaker Alloy Casting Co. v. Gulfco Industries, Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982)). Consequently, "[a] party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citing *Caisse Nationale de Credit Agricole*, 90 F.3d at 1269). Nor is reconsideration an "appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole*, 90 F.3d at 1269. "[D]eveloping an argument for the first time in a motion to reconsider is too late." *Bloch v. Frischholz*, 587 F.3d 771, 784 n.9 (7th Cir. 2009) (citing *Brooks v. City of Chicago*, 564 F.3d 830, 833 (7th Cir. 2009) ("[A]ny arguments … raised for the first time in [a] motion to reconsider are waived.")).

**3. Canyon's "Request for Time to File a Motion for Leave to Amend Complaint"**

As noted, after granting Canyon's motion for summary judgment the court permitted the parties to submit briefs on the narrow question of whether Canyon, having prevailed on its declaratory judgment claim, was entitled to a trial on damages. Tacked onto Canyon's brief arguing that it was entitled to damages after having prevailed on its declaratory judgment claim was a "request for time to file a motion for leave to amend complaint." (ECF No. 57 at 23.) Specifically, it wanted to add "claims for misrepresentation, promissory estoppel, and breach of contract …." (ECF No. 57 at 23.)

The court denied that request for two reasons. First, Canyon's "request" to later file a motion to amend a complaint was improper. *Canyon Custom Home Builders*, 2022 U.S. Dist. LEXIS 73219, at *7 (citing *Conner v. Ill. Dep't of Nat. Res.*, 413 F.3d 675, 679 (7th Cir. 2005)). Second, "Canyon offer[ed] no explanation as to why it did not include its proposed claims in its initial complaint or its amended complaint or move before now to amend its complaint to add these claims." *Id*. Consequently, the court found the request untimely, coming as it did after the court had fully resolved the case on summary judgment. *Id*. at *8.

It is the court's second reason that Canyon argues constituted a misstatement of fact. (ECF No. 68 at 3-11.) It offers a lengthy recounting of its prosecution of this action and argues that it demonstrates that it proceeded diligently. It asserts that it did not (and

4

could not) learn of a basis for a misrepresentation claim until September 2, 2021, when it received discovery responses from Somerset. (ECF No. 68 at 4.)

Accepting Canyon's assertion that it was unaware of a basis for a misrepresentation claim until September 2, 2021, that does not undermine the court's conclusion that Canyon waited too long by not raising the claim until after the court had granted summary judgment. Even if it took Canyon some time to review the discovery responses it received on September 2, 2021, it had time to review the discovery by November 19, 2021, when it moved for summary judgment. (ECF No. 36.) Yet it did not seek leave to file an amended complaint. Nor did it seek leave to file an amended complaint at any point in the 40 days spent briefing the motion for summary judgment. Nor did it seek leave in the month that the parties spent waiting for a decision by the court.

By waiting until after summary judgment, Canyon was too late. *Chi. Reg'l Council of Carpenters v. Vill. of Schaumburg*, 644 F.3d 353, 356-57 (7th Cir. 2011) ("It did not ask the district court to accept a supplemental pleading until after the court had denied its motion for summary judgment. The court was well within its rights to conclude that this was too little, too late."); *Clancy v. Geithner*, 559 F.3d 595, 606-07 (7th Cir. 2009) ("The district court did not reach this issue, however, because Clancy raised the argument for the first time in summary judgment. His complaint makes no mention of this claim and we do not think the district court abused its discretion in rejecting the claim."); *Ikon Transp. Servs.*,

5

*Inc. v. Tex. Made Truckin, LLC*, No. 19-cv-296-jdp, 2020 U.S. Dist. LEXIS 112813, at \*9 (W.D. Wis. June 26, 2020) ("IKON's request comes far too late. IKON has forfeited any claim to relief under the Carmack Amendment by failing to provide notice of it until summary judgment.").

It is easy to recognize how Canyon's delay may have prejudiced Somerset. At the outset of this litigation the court dismissed all of Canyon's claims except for its claim for declaratory judgment. *Canyon Custom Home Builders*, 2021 U.S. Dist. LEXIS 250821, at \*20. That was the only claim that Somerset was defending itself against. Had Canyon had pled a misrepresentation claim that, if successful, would likely make Somerset liable for damages, Somerset's approach to defending the lawsuit may well have been very different. For example, Somerset may have chosen to settle the action by allowing Canyon to build in exchange for a waiver of all other claims. Canyon's delay until after the court had ruled in its favor on summary judgment deprived Somerset of its one bargaining chip—agreeing to Canyon's proposed development.

The case was over by the time Canyon requested to file a motion to again amend its complaint. "Canyon having unduly delayed, *see Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010), justice does not require protracting this case any further." *Canyon Custom Home Builders*, 2022 U.S. Dist. LEXIS 73219, at \*8.

In its motion for reconsideration Canyon presents for the first time a proposed motion to file a Second Amended Complaint along with the proposed complaint (ECF

6

No. 67-6). Canyon seeks to add the Chair of Somerset's Architectural Review Committee and Erie Insurance Exchange as defendants. Canyon seeks to add claims of intentional misrepresentation, strict responsibility misrepresentation, and negligent misrepresentation against Somerset and the Chair. (ECF No. 67-7 at 25-27.) Canyon's proposed second amended complaint only underscores the court's primary reason for denying Canyon's prior request for time to file a motion for leave to amend a complaint—it waited too long. As Somerset notes in response, "Canyon's original complaint alleged essentially the exact same thing it now wants to restyle as intentional misrepresentation." (ECF No. 69 at 8.) Canyon alleged that Somerset knew or should have known that it its rules did not apply to multifamily properties, and it lacked the authority to require Canyon to obtain its approval. (ECF No. 1 at 14.) Subsequent discovery may have provided a firmer basis for Canyon's misrepresentation allegations, but if Canyon had a good faith basis to make the allegations it made in its initial complaint, it had a basis for alleging misrepresentation at the outset of this case.

   **4. Canyon "Chose" to Make its Purchase Contingent on Somerset Approving its Plans**

Canyon also argues that the court misstated the facts when it said, "But it was Canyon that chose to make its purchase of the properties contingent on Somerset approving its plans." *Canyon Custom Home Builders*, 2022 U.S. Dist. LEXIS 73219, at *4. It argues, "The Court's suggestion that Canyon freely chose to make its offers to purchase contingent on Association approval misstates and ignores the facts of this case and the

7

argument of the Plaintiffs. The Plaintiffs did not independently elect to make their offers to purchase contingent on Association approval." (ECF No. 68 at 11.)

The court's statement was accurate. It did not suggest that Canyon added the contingency "freely" or "independently." Obviously, Canyon's choice to include the contingency was influenced by Somerset's representations that its approval would be required for any development. But Canyon does not allege that Somerset required Canyon to obtain that approval before Canyon purchased the properties. It was a choice Canyon made in an abundance of caution and to protect its interests.

**5. "Canyon's alleged damages were not the result of any action taken by Somerset."**

Canyon argues that the court committed a manifest error of law when it said:

> Canyon's alleged damages were not the result of any action taken by Somerset. Rather, the alleged damages flowed from Canyon's decision to seek a declaratory judgment from this court before proceeding with its development of the lots in question. The only actions of Somerset that Canyon points to are its failure to approve Canyon's plans and its threat to sue Canyon if it began development without first obtaining Somerset's approval. But it was Canyon that chose to make its purchase of the properties contingent on Somerset approving its plans.

(ECF No. 68 at 12.) Canyon continues:

> In support of their request for a jury trial on the issue of damages, the Plaintiffs introduced a July 2019 email chain between Association Board and Architectural Committee members. (ECF No. 57 at 11-12; ECF 58-3.) In this email chain, the members highlighted the inapplicability of the Design Review Guidelines to the Plaintiffs' project and described the Association as being "in a pickle." (*Ibid*.) From this sampling of emails, this Court prematurely concluded, without the benefit of an evidentiary hearing or any citation to legal authority, that the Association did not engage in bad

8

> faith. (ECF No. 64 at 4-5.) This Court erred by drawing this legal conclusion from the emails without first holding an evidentiary hearing.

(ECF No. 68 at 12.)

The court did not intend to suggest that Canyon's choices were wholly uninfluenced by Somerset's actions. Obviously, had Somerset never stated that Canyon's development was subject to Somerset's rules and that its approval was required, Canyon likely would have purchased and developed the properties on its own timeline. The court's point was only that it was Canyon that chose to delay, and there was no evidence that Somerset's actions were unlawful or that would lend itself to liability for damages.

Parties in disputes routinely face off in this manner with Side A wanting to do something and Side B saying that it is prohibited. Each side has options, and how either proceeds will be based on a weighing of the relative risks and benefits. Rather than proceeding with the purchase and development and putting the burden on Somerset to sue to stop its development, Canyon chose to hold off on developing the property and to seek a declaration that it did not actually need Somerset's approval. The expenses it incurred as a result of its caution are not damages for which Somerset is plausibly liable, even though Canyon's caution was a result of Somerset having expressed its view that its approval was required for Canyon's proposed development. Not only could Canyon have purchased the properties without Somerset's approval of its plans, but it could have commenced development of the properties.

## 6. Dismissal with Prejudice

The judgment in this action states, in relevant part: "IT IS ORDERED AND ADJUDGED that plaintiffs' motion for summary judgment is granted. IT IS FURTHER ORDERED this case is DISMISSED with prejudice." (ECF No. 65.) Canyon argues that the court erred by ordering the action "dismissed with prejudice" after it granted the plaintiff's motion for summary judgment. (ECF No. 68 at 14-15.)

Before addressing Canyon's argument, the court recognizes that its judgment must be amended for different reasons. First, the court's judgment should have included the terms of its declaration. *See Health Cost Controls, Inc. v. Washington*, 187 F.3d 703, 707-08 (7th Cir. 1999); *Am. Inter-Fidelity Exch. v. Am. Re-Insurance Co.*, 17 F.3d 1018, 1020 (7th Cir. 1994). Accordingly, the judgment must state, as the court held, "the 2012 Design Guidelines are inapplicable to multiple-family structures." *Canyon Custom Home Builders*, 2022 U.S. Dist. LEXIS 17617, at *20.

Second, the court's judgment should have referred to the court having previously dismissed Canyon's other claims. *See Canyon Custom Home Builders*, 2021 U.S. Dist. LEXIS 250821; *Canyon Custom Home Builders*, 2021 U.S. Dist. LEXIS 186473.

Somerset does not address Canyon's argument in its response. In the absence of any opposition from Somerset, the court will grant Canyon's motion to amend the judgment to omit that the action is "dismissed with prejudice."

**IT IS THEREFORE ORDERED** that Canyon's "Motion to Reconsider and to Partially Vacate Judgment" (ECF No. 66) is **granted in part**. The Clerk shall amend the judgment to declare that "the 2012 Design Guidelines are inapplicable to multiple-family structures," state that Canyon's other claims were dismissed, and to omit that the action is "dismissed with prejudice." Canyon's motion is denied in all other respects.

Dated at Milwaukee, Wisconsin this 5th day of July, 2022.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge